UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL ARYEH AND STONE STREET CAPITAL LLC,<br><br>**PLAINTIFF**<br><br>-*against*-<br><br>MICHAEL YEDIDSION, CREATION CAPITAL LLC, AND ALLIANCE CAPITAL US LLC<br><br>**DEFENDANTS** | Case No.<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiffs MICHAEL ARYEH AND STONE STREET CAPITAL LLC, by their attorneys THE YITZHAK LAW GROUP, as and for her Second Amended Complaint against Defendants MICHAEL YEDIDSION, CREATION CAPITAL LLC and ALLIANCE CAPITAL US LLC, herein allege as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for violation of the Fraud, Unjust Enrichment and Prima Facie Tort and damages for the same based on Defendant Michael Yedidsion executing an unapproved operating agreement for CREATION CAPITAL LLC ("Creation") and engaging in the unauthorized collection of monies belonging to Aryeh and for interfering with STONE STREET CAPITAL LLC's ("Stone Street") collections from their merchants with the assistance of ALLIANCE CAPITAL US LLC ("Alliance"), and for spreading untrue information about Aryeh damaging his professional relationship.

1

## II.   PARTIES

2. Plaintiff Aryeh at all times relevant to this action a resident of the State of New York, County of New York and an attorney admitted to practice law in the State of New York and a member of the New York State Bar in good standing.

3. Plaintiff Stone Street is a Delaware LLC.

4. Defendant Michael Yedidsion is a resident of Los Angeles County in California.

5. Defendant Creation Capital LLC is a Delaware LLC.

6. Defendant Alliance is a Delaware LLC, owned and managed by Daniel Semple (herein after "Semple").

## III.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00. There is diversity jurisdiction between the Plaintiff and Defendants as they are citizens of different states.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims for under 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy under Article III of the U.S. Constitution.

9. This Court has personal jurisdiction over the parties to this action because Plaintiff Aryeh is a resident of New York County, located in the Southern District of New York and was damaged in the Jurisdiction.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Aryeh resides in New York County, in the Southern District of New York.

11. This Court has jurisdiction as the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.  FACTS

12. At all times relevant to this Complaint, Plaintiff Aryeh is the sole member of Plaintiff Stone Street.

13. Plaintiff Aryeh and Defendant Yedidsion jointly formed Defendant Creation in 2024 for the sole purpose of making merchant cash advances to businesses throughout the United States.

14. Defendant Yedidsion had no managerial duties or responsibilities in Defendant Creation and did not invest any of his own, personal money in Defendant Creation.

15. Defendant Yedidsion's sole involvement with Defendant Creation was the introduction of an investor and in exchange for this introduction Defendant Yedidsion received a ten (10) percent membership interest in Defendant Creation, the investor received a ten (10) percent membership interest and Plaintiff Aryeh was the other eighty percent member in Defendant Creation.

16. Plaintiff Aryeh is the sole member of Plaintiff Stone Street, which is also engaged in the business of making merchant cash advances to businesses throughout the United States.

17. At all times, it was understood between Plaintiff Aryeh and Defendant Yedidsion that Aryeh would be the managing member of Creation as well as the day-to-day manager of the business, with full control of all Creation bank accounts.

18. At a point in time after the formation of Creation, without the knowledge and consent of Aryeh, Defendant Yedidsion executed an unapproved operating agreement for Creation. *See Exhibit "A"*

19. The unauthorized operating agreement executed by Yedidsion made him the sole member of Creation, reducing Aryeh's role to only that of a manager who could be terminated at any time, without being paid appropriately.

20. After executing the unauthorized operating agreement, Defendant Yedidsion was forced by Optimum Bank to close the Creation bank account at Optimum Bank after Defendant Yedidsion liquidated approximately $300,000 in capital, preventing Plaintiff Aryeh from accessing the same to properly carry out the day-to-day operations of Creation.

21. In order to avoid defaults after Defendant Yedidsion's conduct of closing the Creation bank account, Plaintiff Aryeh informed the merchants in question to make payments to Stone Street, which funds would be 100% accounted for to Creation.

22. After Defendant Yedidsion closed the Creation bank account at Optimum Bank as a result of it being frozen based on Defendant Yedidsion's unauthorized removal of $300,000, and diverted funds to another bank account in Creation's name, refusing to give Plaintiff Aryeh access, so as Plaintiff Aryeh would not be able to perform his managerial duties and in violation of the agreement between Plaintiff Aryeh and Defendant Yedidsion with respect to the management and ownership of Defendant Creation.

23. Defendant Yedidsion and Defendant Creation began sending collection emails and making collection calls to all of Creation's clients who did not make their payments to

the new Creation bank account, even those clients who were making payments to Stone Street for the benefit of Creation and had merchant cash advances with Stone Street.

24. Defendant Yedidsion and Defendant Creation at a point in time retained the services of Defendant Alliance and Semple to assist with collection activity allegedly for Creation, including for accounts that were not in fact delinquent and who were making payments to Stone Street. Defendant Yedidsion, through third parties, including Defendant Alliance and Semple, intentionally and with full knowledge of the same, sent collection emails, text messages and made phone calls to merchants who had no relationship to Defendant Creation and were only clients of Plaintiff Stone Street.

25. Defendant Alliance and Semple even went so far as to report these non-defaulting merchants as delinquent on their merchant credit rating.

26. As a result of this conduct by Defendants Yedidsion, Creation, and Alliance and Semple, several merchants have stopped making payments on their accounts to Stone Street, even merchants who no longer have accounts with Creation and only have accounts with Stone Street and merchants who never had accounts with Creation.

27. Defendants Yedidsion, Creation, and Alliance and non-party Semple proceeded to make phone calls to and send emails to independent sales operators (ISO) who refer clients to Plaintiff Stone Street and who Plaintiff Aryeh has worked with for several years, alleging Plaintiff Aryeh was engaging in fraud and diverting funds from Creation.

28. As a result of these knowingly false allegations, several ISO's Plaintiff Aryeh has worked with for several years, will no longer do business with him.

V.    **FIRST CAUSE OF ACTION:**

**FRAUD AGAINST ALL DEFENDANTS**

29. Paragraphs 1 through 26 are herein incorporated.

30. Defendants Yedision, Creation, and Alliance and Semple knowingly told both merchants and ISO's Plaintiff Aryeh was diverting funds from Creation to Stone Street, that merchants who they knew were making payments to Stone Street on behalf of Creation, were delinquent in making payments and reported them same on their merchant credit rating.

31. Defendants Yedidsion, Creation, and Alliance and Semple knew these statements were false when they made them.

32. Several merchants and ISO's of Stone Street relied on these knowingly false statements and as a result, merchants stopped making payments on their accounts to Stone Street and ISO's ceased doing business with Plaintiff Stone Street.

33. As a result of these knowingly false statements which were made to Plaintiff Stone Street's merchants and ISO' and their reliance on the same, Plaintiff Stone Street was damaged by an amount to be determined at trial, however no less than $1,000,000 in actual damages and $4,000,000 in punitive damages.

## VI. SECOND CAUSE OF ACTION: UNJUST ENRICHMENT AGAINST DEFENDANTS YEDIDSION AND CREATION

34. Paragraphs 1 through 31 are herein incorporated.

35. Defendants Yedidsion intentionally and knowingly executed an unapproved operating agreement for Defendant Creation for the sole purpose of depriving Plaintiff Aryeh of monies he was rightly entitled to.

36. Defendants Yedidsion and Creation intentionally closed the Creation bank account for the sole purpose of taking funds which rightfully belonged to Plaintiff Aryeh as the manager of Creation.

37. Defendants Yedidsion and Creation were aware of the agreement between Creation and its lawful member, Plaintiff Aryeh and intentionally restricted Plaintiff Aryeh's access to the Creation bank account to deprive him of rightfully earned monies.

38. As a result of Defendant Yedidsion and Defendant Creation's actions, they were unjustly enriched by an amount to be determined at trial, however, not less than $1,000,000 in actual damages.

## VII.  THIRD CAUSE OF ACTION: PRIMA FACIE TORT AGAINST ALL DEFENDANTS

39. Paragraphs 1 through 36 are herein incorporated.

40. Defendant Yedidsion and Semple intentionally and recklessly conducted themselves toward Plaintiffs in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency.

41. Plaintiffs suffered severe emotional distress and a loss of business as a direct result of Defendants improperly making knowingly false allegations against Plaintiffs and by engaging in knowingly false and damaging conduct towards Plaintiff Stone Street's clients. Plaintiffs Aryeh and Stone Street suffered reputational harm, a loss of business and emotional distress of an intensity and duration that no reasonable person could be expected to endure.

42. Defendants are liable to Plaintiffs for the resulting severe reputational harm, emotional distress and resulting compensatory damages, in an amount to be determined at trial, however in excess of $1,000,000 and punitive damages in excess of $4,000,000.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray the Court grant them compensatory and punitive damages for Fraud and Prima Facie Tort against all Defendants and compensatory damages for unjust enrichment against Defendants Yedidsion and Creation, and for any other such further relief the Court deems just and proper.

Dated: Great Neck, New York
       June 6, 2025

                                           **THE YITZHAK LAW GROUP**
                                           *Attorneys for Plaintiff*

                                           By: *//s// Erica T. Yitzhak*
                                           Erica T. Yitzhak, Esq.
                                           1 Linden Place, Suite 406
                                           Great Neck, New York 11021
                                           (516) 466-7144
                                           erica@etylaw.com

## VERIFICATION

MICHAEL ARYEH being duly sworn, says that he is a Plaintiff in the within action and that the foregoing VERIFIED COMPLAINT is true to his own knowledge, except as to matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

_____
MICHAEL ARYEH

Sworn to before me this
__13__ day of June, 2025

_____
Notary Public

ERICA T. YITZHAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02YI6269810
Qualified in Nassau County
Commission Expires October 9, 20__/28